**FILED**

FEB 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
For The District of Columbia

Complaint
An Action Filed Under 28 USC 2241

→ ## § 2241 HABEAS CORPUS PETITION FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 28 U.S.C. § 2241
### OR IN ACTIONS CHALLENGING REMOVAL PROCEEDINGS

Case: 1:08-cv-00379
Assigned To : Unassigned
Assign. Date : 2/29/2008
Description: Habeas Corpus/2255

*Larry Powell*

Inmate/Alien # _27650-077___Unit H2_
_Federal Correctional Complex - USP2_
_P.O. Box 1034_
_Coleman  FL 33521-1034_

(Enter full name of Petitioner,
prison number or alien [A] number, if applicable,
AND address of place of confinement.)

VS.

CASE NO: _____
(To be assigned by Clerk)

#1 → _Harley Lappin, Director_
_Federal Bureau of Prisons_
_320 First St. N.W., Room 738_
_Washington DC 20534-0001_

#4 → Michael B. Mukasey
United States
Attorney General
1425 New York Ave.
Washington DC
        20530-0001

(Enter name and title of each Respondent.
If additional space is required, use the blank
area below and directly to the right.)

#5 → Paul Clement
U.S. Solicitor General
950 Pennsylvania Ave NW
Washington DC
        20530

#2 → R.E. Holt, Regional Director
Federal Bureau of Prisons
Southeast Regional Office, Building 2000
3800 Camp Creek Parkway S.W.
Atlanta, GA 30331-6226

ALL APPLICANTS MUST COMPLETE THIS ENTIRE FORM

**RECEIVED**

FEB 08 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

#3 → Warden Drew, FCC Coleman 2
Federal Bureau of Prisons
846 N.E. 54th Terrace
P.O. Box 1029
Coleman FL 33521-1029

1

## ANSWER ALL OF THE FOLLOWING:

1.  This petition concerns (check where applicable):

    (a).  ☐  a conviction
    (b).  ☐  a sentence
    (c).  ☑  prison disciplinary action or other action resulting in lost gain time credits
    (d).  ☐  parole
    (e).  ☐  immigration/removal
    (f).  ☐  other (explain):  _____

2.  Provide the following information regarding the conviction(s) and sentence(s) for which you are presently incarcerated:

    (a).  Name(s) and location(s) of court:  _USDC, ND Tex, Dallas Div._

    (b).  Case Number(s):  _3:95-CR-184-R_

    (c).  Charge(s) for which you were convicted:  _Misc. Bank Fraud, Current Supervised Release Violation, Sentenced to 36 months incarceration. I am Sentenced under the Sentencing Reform Act of 1984 (SRA)._

    (d).  What was your plea? (Check one)
    (1)  Not Guilty      ☐
    (2)  Guilty          ☐
    (3)  Nolo contendere ☐
    (4)  True            ☑

    (e).  Did you appeal from the judgment of conviction?      Yes ☐      No ☑

3.  If you did appeal, answer the following:

    (a)  Name of Court:  _N/A_ _____      Case #: _____

    (b)  Result: _____

    (c)  Date of opinion and mandate (citation, if known): _____

    _____

4.  Claims that challenge your conviction or imposition of sentence can only be raised by motion under 28 U.S.C. § 2255 unless the § 2255 motion is inadequate or ineffective to test the legality of your detention. If any of the grounds raised above challenge your conviction or sentencing:

    (a)  Have you filed a motion under 28 U.S.C. § 2255?
         Yes ☐          No ☐
    If yes, please provide the case #, where filed, relevant date(s), and the results:  _N/A_ _____

    _____

    _____

    _____

2

(b). Explain why the remedy under § 2255 was or is inadequate or ineffective: _____

*This complaint deals with prison discipline only.*

_____

_____

5.  Are you currently represented by counsel in this case or in any other court case?

Yes ☐     No ☑
If yes, please explain: _____

6.  If this case concerns removal proceedings:
(a)  Date of final order of removal: _____ *N/A* _____

(b)  Did you file an appeal with the Board of Immigration Appeals?     Yes ☐     No ☐

7.  In the spaces below, set forth every ground which supports your claim that you are incarcerated unlawfully.  Briefly summarize the specific facts in support of each ground raised.  Conclusions that are not supported by specific facts are insufficient.  You may attach additional pages if necessary to raise additional grounds or provide additional facts.  Do not cite any law in your statement of facts.

(a).  Ground one:  *Restore 269 days Good Conduct Time taken from 06/12/2005 thru 06/11/2006.*

_____

Supporting FACTS (state *briefly* without citing cases or law):  *Prison staff have abused the prisons disciplinary policy to retaliate against me.  I did not commit any misconduct.*

_____

Exhaustion:
[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
Yes ☑     No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s).  Include any appeals:

*The Regional Director refused to respond to the Appeal.*

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals?    Yes ☐    No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

(b).  Ground two:  *Restore 27 days GCT taken 12/18/2006.*

Supporting FACTS (state *briefly* without citing cases or law):  *I was wrongfully charged with a code 410 violation. I did not do anything prohibited. I had written to an Elected Official in my Community to request information on a New Law. I was within my Rights to use Legal Mail or Special Mail for this purpose.*

Exhaustion:

[1] - Have you presented ground two to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
    Yes ☑  No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:

*Disciplinary action was Remanded for New Hearing. DHO refused to expunge the incident report.*

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground two to the Board of Immigration Appeals?    Yes ☐    No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

(c).  Ground three:  *Restore 7 days Good Conduct Time taken 12/29/2006.*

Supporting FACTS (state *briefly* without citing cases or law): _I was wrongfully charged with a Code 410 violation because I placed an order with a Magazine Company called American Curves. I contend that I am authorized to order publications._

Exhaustion:
[1] - Have you presented ground three to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
     Yes ☑  No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:

_Please review attached documentary evidence._

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground three to the Board of Immigration Appeals?          Yes ☐     No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

(d). Ground four: _Restore 14 days GCT taken 03/25/2007._

Supporting FACTS (state *briefly* without citing cases or law): _I was wrongfully charged with a Code 314 violation for possessing a xerox copy of my Drivers License and a xerox copy of my ID from the Mutual UFO Network, Inc. I contend that I am permitted to have copies of these items._

Exhaustion:
[1] - have you presented ground four to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
     Yes ☑  No ☐

5

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:

The Regional Office and the Central Office both refused to address the appeal

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground four to the Board of Immigration Appeals?    Yes ☐    No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). Also the DHO Refuses To provide me with a DHO Report for the 09/05/2007 Incident Report. Thus I Cannot appeal it.

8.    WHEREFORE, based upon the grounds raised above, Petitioner prays that the court will grant the following relief: Remove all Sanctions, Expunge Incident Reports, Restore 269 days Good Conduct Time Credits taken from 06/12/2005 thru 06/11/2006, and Restore 27 days GCT taken 12/18/2006, Restore 7 days GCT taken 12/29/2006, and Restore 14 days GCT taken 03/29/2007, Making a Total of 317 days to be credited toward the Service of Sentence.

## DECLARATION

I declare under penalty of perjury that I have read the above and the information contained herein is true and correct.

12/13/2007
(Date)

_____
Signature of Petitioner

## IF MAILED BY PRISONER:

I declare or state under penalty of perjury that this petition was (check one):

☑ delivered to prison officials for mailing, or  ☐ deposited in the prison's internal mail system on:

12/13/2007  (date).

_____
Signature of Petitioner

Revised 07/01

6

Exhibit

A

Attempts To Informally
Resolve Complaint

08 0379

**FILED**

FEB 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COC 1330.13.G
April 20, 2004
Attachment A

## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

**★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★**

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

Powell, Larry          27650-077          K-1          R. Powell
Inmate Name            Register No.       Qtrs./Unit   Inmate Signature

1.    Specific complaint (one 8 ½" x 11" continuation page may be attached):

I am being deprived of my 1st Amendment Rights to communicate with the outside world. I will refer this matter to the FBI if we are unable to resolve informally.

2.    What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

I have spoken with my Unit Team, Mailroom staff, and to SIS. I'm also sent a letter to the Warden.

3.    What action does the inmate wish to be taken to correct the issue?

I am asking for flexibility. I'd like to be able to receive my Newspapers & magazines, and I wish to communicate with others. Title 18 USC 1702-1709 et seq prohibit federal employees interference and theft of mail entrusted to them.

Correctional Counselor's Comments (including actual steps taken to resolve):

Inmate Powell has been advised that his existing Mail restrictions will not be modified at this time. He received this information from his Case Manager and Counselor.

_____          11/13/06          Staff Circle One:
Correctional Counselor           Date
                                                    Informally Resolved    Not Informally Resolved

Unit Manager's Review

_____          11/13/06
Unit Manager                     Date

Distribution by Correctional Counselor:

1. If complaint is informally resolved, maintain original on file in the Unit.

2. If complaint is <u>not</u> informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 11/9/06 | 11-9-06 | | | |
| Time: | 1045 | 1400 | | | |
| Counselor: | D.K. | D.K. | | | |

COC 1330.13.G
April 20, 2004
Attachment A

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| Powell, Larry | 27650-077 | K-1 | R. Powell |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.    Specific complaint (one 8 ½" x 11" continuation page may be attached):
   Special Investigative Services staff (names unknown) have been stealing inmate
   mail in violation of Title 18 USC § 1709 - Theft of Mail by a Government Employee.


2.    What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?
   I am a postal service customer and I have paid my postage for my mail to be deliver-
   ed to its intended parties. SIS has not delivered my letters to the post office
   for delivery and they have not returned the letters to me.

3.    What action does the inmate wish to be taken to correct the issue?
   To informally resolve this please deliver my letters to the post office for deliv-
   ery, or give the letters back to me. Please take notice, any other action consti-
   tutes Theft and will be criminally prosecuted pursuant to 18 USC § 1709.

Correctional Counselor's Comments (including actual steps taken to resolve)
   Inmate Powell has been advised that NO Staff
   member is stealing his Mail. He was directed not
   to make allegations thru the administrative remedy
   process.


| D. Ker | 11/17/06 | Staff Circle One: |
|---|---|---|
| Correctional Counselor | Date | Informally Resolved   (Not Informally Resolved) |

| D. W. | 11/17/06 |
|---|---|
| Unit Manager's Review | |
| Unit Manager | Date |

Distribution by Correctional Counselor:

1. If complaint is informally resolved, maintain original on file in the Unit.

2. If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 11/16/06 | 11/17/06 | | | |
| Time: | 855 | 10 45 | | | |
| Counselor: | D. K | D. K | | | |



COC 1330.13.G
April 20, 2004
Attachment A

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE: Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

INSTRUCTIONS: Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

Powell, Lorry _____ 27650-077 _____ K-1 _____ *L. Powell*
Inmate Name              Register No.       Qtrs./Unit        Inmate Signature

1.    Specific complaint (one 8 ½" x 11" continuation page may be attached): **Complaint against mailroom staff:** Mailroom staff have not been following procedure for rejecting mail and / or publications. Policy requires that mailroom staff document the return of rejected mail by issuing a BP-327 or BP-328, and indicating the reason for the rejections.

2.    What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?
My mail has not been reaching me and mailroom staff have not provided me with any rejection notices.

3.    What action does the inmate wish to be taken to correct the issue?
Please ensure that mailroom staff are aware that they must complete a BP-327 or BP-328 for any mail or publications that they do not deliver to me.

Correctional Counselor's Comments (including actual steps taken to resolve):
Inmate Powell is aware of his mail restriction status. Mail Room Staff have been contacted and perform all mail processing procedures in accordance to established BoP policy.

_____ D.K. _____ 11/17/06 _____
Correctional Counselor          Date

Staff Circle One:

Informally Resolved    (Not Informally Resolved)

Unit Manager's Review

P.W. _____ 11/17/06
Unit Manager          Date

Distribution by Correctional Counselor:

1. If complaint is informally resolved, maintain original on file in the Unit.

2. If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|          | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|----------|----------|----------|----------|----------|----------|
| Date: | 11/16/06 | 11-17-06 | | | |
| Time: | 855 | 10 15 | | | |
| Counselor: | D.K. | D.K. | | | |

Oh Reccly FD # 436403-Fd

# U.S. DEPARTMENT ... REQUEST FOR ADMINISTRATIVE REMEDY

Federal Bureau of Prisons

**Warden, I request that you not send this to SIS or to my Unit Team for response. Instead please refer this to Attorney Jeff Campbell for response. Thanks.**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Powell, Larry | 27650-077 | K1 | USP2 Coleman |
|-------|------------|-----------|-----|--------------|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**    This pertains to Incident Report #1534635.

I was advised by Mr. Kent, on or about the 10th. of January 2007 that this Incident Report had been expunged. At that time I agreed to drop my complaint against SIS Officer Frankie Darrow. It now appears that the Incident Report has not been expunged and I am now refiling my complaint against Officer Darrow for Abuse of the Prison Disciplinary System, and extend the complaint to include my Unit Team members for refusing to get involved to correct this problem.

On 11-14-06 SIS Officer Frankie Darrow issued Incident Report #1534635 against me in Bad Faith, and in doing so she Abused the Prison Disciplinary Policy. She has wrongfully subjected me to disciplinary action, and placing my liberty interests in jeopardy, deliberately bringing a charge against me that she knows is not true in an attempt to cause damage to my rights, affect my good conduct release date and oppress me from the enjoyment of my constitutionally protected freedoms.

My Unit team Members allow such abuses of the prison disciplinary policy, and as such they should be held accountible for their refusal to act and prevent such abuse from occurring to me. In a memorandum dated 01-12-05 from Tim Barnett - ISM Chief at USP Terre Haute it explains that publications such as Magazines, newspapers, books from book store or book clubs, etc., is exempt from the General Correspondence Restriction. I ask that this incident report be expunged again, and that the sanctions be lifted effective immediately. 03/10/07

SIGNATURE OF REQUESTER    _____

**Part B– RESPONSE**

_____    _____
DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE    CASE NUMBER: _____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

USP LVN

FOIA-00378-UNA    Document    02-2004

# U.S. DEPARTMENT OF JUSTICE
### Federal Bureau of Prisons

# REQUEST FOR ADMINISTRATIVE REMEDY

*Type- or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Powell, Larry G. | 27650-077 | K1 | CLP USP2 |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I originally filed 3 BP-8's, however I believe we can collectively bargain to resolve all of this with just one Administrative Remedy Request because I have chosen not to pursue two of the BP-8 complaints. They are attached as information exhibits only. This Administrative Remedy Request pertains to Misconduct, Impropriety, or Abuse by a staff member.

I am not satisfied with the response I received from my Unit Team Members on my attempt to informally resolve this matter. I am referring this matter to the Warden for Administrative Overview and Disposition.

On 11-14-06 Special Investigative Services Officer F. Darrow issued an Incident Report against me in Bad Faith, and in doing so she Abused the Prison Disciplinary Policy. It is not my intent to cause any waves or cause any staff member to become angry with me. I view the prisons disciplinary policy and the administrative remedy process as adversarial proceedings. I have chosen to pursue this avenue only when necessary and do not write-up staff unless they offend me in some way. I would not have to file this Administrative Remedy Request had Off. Darrow not tried to pepper my disciplinary record with bogus charges, especially after she is aware that I have had to endure this same method of retaliation and abuse from staff members at other facilities. I believe that someone from my previous institution, or perhaps her supervisor may have instructed Off. Darrow to write me up.    (continued next page)

| DATE | SIGNATURE OF REQUESTER |
|---|---|

**Part B– RESPONSE**

| DATE | WARDEN OR REGIONAL DIRECTOR |
|---|---|

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

| THIRD COPY: RETURN TO INMATE | CASE NUMBER: _____ |
|---|---|
| | CASE NUMBER: _____ |

**Part C– RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

| DATE | | RECIPIENT'S SIGNATURE (STAFF MEMBER) |
|---|---|---|

USP LVN



BP-229(13)
APRIL 1982

Department of Justice

Regional Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Larry Powell__     __27650-077__     __K1__     USP2 __Coleman__
        LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**          This is to appeal the BP-9 response in Administrative

Remedy ID #439567-F1.

The person that prepared this response for the warden is mistaken. From my
previous facility the Western Regional Directors Office has expunged 6 of the
disciplinary actions that I received while housed at USP Victorville. And one
of the two that I received while at FCC Coleman 2 has been expunged. The second
disciplinary action is currently being considered by the Southeast Regional
Directors Office. I am confident that it too will be expunged.

It is ludicrous to claim that my correspondence constitutes a threat to the
orderly operation of the institution. There have never been any complaints
as to the contents of my letters. I am not committing any crime, and I have
even told SIS that if they even remotely suspect that I am, that I want them
to notify the FBI and the U.S. Attorney's Office and file a complaint against    02/22/07
me. I reiterate again as in my previous Administrative Remedies, I do not use
the mail to commit any crime, nor would I ever do such a thing. It is my Right     R. Powell
to use the U.S. Mail and the warden and SIS are wrongfully denying me this
Right. I am herein requesting that the mail sanction be taken off me.
_____DATE_____                    ____SIGNATURE OF REQUESTER____

**Part B - RESPONSE**

RECEIVED

FEB 27 2007

REGIONAL COUNSEL'S-SERO
BUREAU OF PRISONS

_____                    _____
            DATE                                    REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar
days of the date of this response.
ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _439567-R1_

**Part C - RECEIPT**
                                            CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION
SUBJECT: _____

_____                    _____
            DATE                                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                    PRINTED ON RECYCLED PAPER                    BP-230(13)
                                                                        JUNE 2002

Regional Administrative Remedy Appeal No. 439567-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted
February 27, 2007. You allege staff at the Federal Correctional Complex (FCC) in
Coleman, Florida, are violating your rights by denying you mail privileges. You request
the current mail restriction stop and you to be allowed full mail privileges.

A review of the matter was conducted and revealed you were provided a timely
response detailing the reasons you are currently on mail restriction. Due to numerous
incident reports involving you, directly related to the mail system, you have been placed
on restricted status. FCC Coleman has acted appropriately and within policy, therefore,
this status will continue through August 3, 2013. Program Statement 5265.11,
Correspondence, allows the Warden to place an inmate on restricted general
correspondence based on misconduct or as a matter of classification. You have
provided no evidence staff at FCC Coleman have violated your rights in any way.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with
this response, you may appeal to the Office of General Counsel, Bureau of Prisons,
320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the
Office of General Counsel within 30 calendar days of the date of this response.

_____4/3/07_____                    _____
Date                                Regional Director, SERO

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | Powell, Larry G. | 27650-077 | K1 | CLP USP2 |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

   The Federal Bureau of Prisons has never given me any response specifically detailing the reasons that I am on mail restriction. Never has anyone explained to me how that my conduct would be prohibited. Please explain to me with specifics how that I have done anything inappropriate with the U.S. Mail, or how that I have abused the mail in any way, or committed a criminal act using the mail. There has never been any complaints as to the contents of my letters. I am not committing any crime, and I have even told SIS that if they even remotely suspect that I am, that I want them to notify the FBI and the U.S. Attorney's Office and file a complaint against me. I reiterate again as in my previous Administrative Remedies, I do not use the mail to commit crimes, nor would I ever do such a thing. It is my Right to use the U.S. Mail and the Warden and SIS are wrongfully denying me this Right.

   I am herein requesting that the mail restriction be rescinded immediately because it has been wrongfully placed on me. If you can show me a specific way how that I violated any law or abused the U.S. Mail in any manner, I will shut up and stop complaining. I know that I have not done anything wrong, therefore I am standing up for my rights.

| May 4, 2007 | _R. Powell_ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

# RECEIVED

### MAY 1 4 2007

**Administrative Remedy Section**
**Federal Bureau of Prisons**

| | |
|---|---|
| DATE | GENERAL COUNSEL |

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

---

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |
|---|---|

USP LVN.

 PRINTED ON RECYCLED PAPER

BP-231(13)
JUNE 2002

Exhibit

B

Incident Report

# 1534635

LARRY GENE POWELL, 27650-077
COLEMAN II USP    UNT: H-2    QTR: H02-109L
P.O. BOX 1024
COLEMAN,  FL 33521

RECEIVED

NOV 26 2007

AW's Office USP2

08 0379

**FILED**

FEB 2 9 2008

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

**Request Referral to the Office of Internal Affairs for Investigation**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | **Powell, Larry G.** | 27650-077 | H2 | CLP   USP2 |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**    To my understanding the DHO can take no more than 54 days a year of an inmate's Good Conduct Time Credits. For 2006 the DHO grossly exceeded 54 days of my GCT. I am requesting that the Office of Internal Affairs investigate all of the Incident Reports that I received in 2006 because I am claiming that I was targeted for harassment by a Case Management Coordinator and that she placed a series of wrongful disciplinary actions against me, and then influenced the DHO to take all my Good Time, as a show of force against me. I have not committed any misconduct, but they are making it look like I have on paper. You need to thoroughly investigate the substance of the Incident Reports I've received. It's unbelievable!!! I have never committed any criminal offense using the U.S. Mail system. I am authorized to order and recive any magazine, book etc. . . I want! **Please show me where the Federal Bureau of Prisons has banned inmates from receiving American Curves magazine.** I insist that it is an approved magazine available to any inmate wishing to subscribe to it, including me.

According to Memorandum dated 01-12-2005 issued by Tim Barnett - Inmate Systems Manager at USP Terre Haute he says that Magazines are not considered as General Correspondence but rather are considered as Publications. I am not restricted from receiving publications mailed to me from newspapers, magazine, or book publishers, or from Book Stores/Book Clubs. Also, the general correspondence restriction does not apply to Special / Legal mail. I am not on special mail restriction or publications restriction.

DATE                                                             SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

AUG 0 1 2007

Administrative Remedy Section
Federal Bureau of Prisons

RECEIVED

SEP 0 4 2007

Administrative Remedy Section
Federal Bureau of Prisons

_____          _____
DATE                                   GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _448898-A2_

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN          PRINTED ON RECYCLED PAPER

BP-231(13)
JUNE 2002

Administrative Remedy Number 448828-A2
Part B - Response

You appeal the December 29, 2006, decision of the Discipline
Hearing Officer (DHO) regarding incident report #1534635, in
which you were found to have committed the prohibited act of
Unauthorized Use of Mail (code 410).  You request expungement of
the incident report.

Our review of your disciplinary proceedings indicates substantial
compliance with Program Statement 5270.07, Inmate Discipline and
Special Housing Units.  The DHO's decision was based upon the
greater weight of the evidence as detailed in Section V of the
DHO report.  We find it reasonable for the DHO to have made this
determination.  Records indicate you appeared before the DHO,
were advised of your rights, and made a statement.  The DHO gave
greater weight of the evidence to the reporting officer's account
of the incident.  Although you dispute the charge, the evidence
is sufficient to support the finding.

You contend excessive Good Conduct Time (GCT) was disallowed
during 2006.  Review of the record reveals the DHO sanctioned you
to the disallowance of seven days of GCT in response to this
incident report.  You were sentenced pursuant to the Prison
Litigation and Reform Act of 1995 (PLRA).  As such, GCT is not
vested until the inmate is released from custody.  As a result of
myriad incident reports between 06/12/2005 and 06/11/2006, a
total of 269 days of GCT were disallowed.  It is noted the
sentence you were serving at that time was satisfied on
August 14, 2007, at which time you were released to the service
of the current sentence.

You also contend you are permitted to receive publications while
on Restricted General Correspondence.  This is immaterial, as the
incident report was not issued due to your receipt of a
publication.  Rather, the incident report was issued in response
to correspondence addressed to you from a publication with whom
you had inquired regarding a subscription.  Program Statement
5265.11, Correspondence, provides inmates whose general
correspondence has been restricted may correspond with only those
persons provided for in the policy or others approved by the
Warden.  You were not authorized to correspond with this entity.

Based on our review of the disciplinary record, we find the
required disciplinary procedures were substantially followed.
Each of your Due Process rights were upheld during the discipline
process.  The greater weight of the evidence supports the DHO's
decision, and the sanctions imposed were commensurate to the
severity level of the offense and in compliance with policy.

Your appeal is denied.

November 13, 2007
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

BP-S288.052 INCIDENT REPORT CDFRM
May 1994

U.S. DEPARTMENT OF JUSTICE  FEDERAL BUREAU OF PRISONS

| 1. Name of Institution:   FCC Coleman - USP 2 |
|---|

| PART I - INCIDENT REPORT |
|---|

| 2. Name of Inmate | 3. Register Number | 4. Date of Incident | 5. Time |
|---|---|---|---|
| Powell, Larry Gene | 27650-077 | 11-14-2006 | 2:34 PM |

| 6. Place of Incident | 7. Assignment | 8. Unit |
|---|---|---|
| SIS Office | AM RecYard | K-1 |

| 9. Incident: Unauthorized Use of the Mail | 10. Code: 410 |
|---|---|

| 11. Description of Incident  (Date: 11-14-2006  Time: 2:34 pm  Staff became aware of incident) |
|---|
| On Tuesday, November 14, 2006, at approximately 2:34 p.m., SIS staff was reading a letter sent to Inmate Powell, Larry #27650-077 from American Curves Customer Service stating that his order could not be mailed to correctional institutions unless it was prepaid. Inmate Powell is on restricted mail and is only authorized to send and receive mail from his mother, Margery Powell. |

| 12. Signature of Reporting Employee | Date and Time | 13.  Name and Title (printed) |
|---|---|---|
| *F.A. Darrow* | 11-14-2006 2:42 pm | F. Darrow, SIS Technician |

| 14.   Incident Report Delivered to above inmate by: | 15. Date Incident Report delivered | 16. Time Incident Report Delivered |
|---|---|---|
| | 11/14/06 | 1520 |

| PART II - COMMITTEE ACTION |
|---|

| 17.  Comments of Inmate to Committee Regarding Above Incident |
|---|
| |
| |
| |

| 18. A. It is the finding of the Committee that you: | B. ____   The Committee is referring the charge(s) to the DHO |
|---|---|
| _____ Committed the following prohibited act: | for further hearing |
| | C. ____   The Committee advised the inmate of its findings and |
| _____ Did not commit a prohibited act. | of the  right to file an appeal within 15 calendar days. |

| 19. Committee Decision is based on the following information: |
|---|
| |
| |
| |

| 20. Committee Action and/or recommendation if referred to DHO (contingent upon DHO finding inmate committed prohibited act) |
|---|
| |
| |
| |

| 21. Date and Time of Action _____  (The UDC Chairman's signature next to his name certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.) |
|---|

| _____ | _____ | _____ |
|---|---|---|
| Chairman (typed name/signature) | Member (typed name) | Member (typed name) |

Record Copy - Central File Record; Copy - DHO; Copy - Inmate after UDC Action; Copy - Inmate within 24 hours of Part I preparation

(This form may be replicated via WP)                                                    Replaces BP-288(52) of Jan. 88

| PART III - INVESTIGATION | 22.  Date and Time Investigation Began |
|---|---|

23.       Inmate advised of right to remain silent: You are advised of your right to remain silent at all stages of the disciplinary process but

COC 1330.13.G
April 20, 2004
Attachment A

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE: Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

INSTRUCTIONS: Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| Powell, Larry | 27650-077 | K-1 | R. Powell |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.    Specific complaint (one 8 ½" x 11" continuation page may be attached):
SIS Officer F. Darrow issued Incident Report in Bad Faith, and Abuse of the Prison Disciplinary Policy.

[Continued Next Page]

2.    What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?
I have spoken with Unit Manager Gunter, and Case Manager Grafton. The Incident Report has now been sent to the Disciplinary Hearing Officer for a hearing.

3.    What action does the inmate wish to be taken to correct the issue?
Officer F. Darrow should receive a written reprimand for abusing the prison disciplinary policy and a verbal warning not to retaliate against inmate Powell over this complaint he has filed against her.

Correctional Counselor's Comments (including actual steps taken to resolve):
INMATE Powell has received a detailed explaination about his current Mail restrictions. He has been advised Not to use the administrative remedy process to make recommendations about any staff member.

_D. K_____  11/17/06
Correctional Counselor        Date

Staff Circle One:

Informally Resolved   (Not Informally Resolved)

Unit Manager's Review

_J. W_____  11/21/06
Unit Manager        Date

Distribution by Correctional Counselor:

1. If complaint is informally resolved, maintain original on file in the Unit.

2. If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 11/16/06 | 11-17-06 | | | |
| Time: | 8:55 | 10:15 | | | |
| Counselor: | D. K | D. K | | | |

Continuation Page

On 11-14-06 inmate Larry Powell, Reg. #27650-077 was served an Incident Report
for a Code 410 violation - Unauthorized Use of Mail.
The Incident Report was issued on 11-14-06 by SIS Technician F. Darrow, and the
Incident Report was delivered to the inmate by Lt. J. Powell.
See xerox copy attached - Exhibit A.

Officer Darrow claims that inmate Powell committed the offense of Code 410 -
Unauthorized Use of Mail because he placed a magazine subscription order with
AMERICAN CURVES magazine. The magazine customer service center wrote inmate
Powell back informing him of the price for his subscription and that they
require pre-payment for orders sent to a correctional institution.

Inmate Powell has not committed any misconduct and the Incident Report should
never have been written. Inmate Powell is not prohibited from corresponding or
placing subscription orders with magazine publishers/book stores/book clubs/
newspapers, etc., nor is he prohibited from receiving such. Basically he can
send for and receive any form of literature, catalog, brochure, magazine, news-
paper, etc., as long as it comes directly from the publishing source and would
not interfere with the institutions security.

AMERICAN CURVES magazine is an approved magazine available to all Federal Bureau
of Prisons inmates who wish to subscribe to it.

This matter was clarified 01-12-05 in a Memorandum written by Tim Barnett - ISM
Chief at USP Terre Haute. Inmate Powell is currently trying to obtain a xerox copy
of the memorandum from his central file to present to the DHO and to SIS staff.
Nevertheless the memorandum is readily available to SIS staff and ISM staff as
it is maintained in their computer indices.

BOP policy does not change just because an inmate has been moved to another
facility. It stands to reason that if Inmate Powell was approved to place sub-
scription orders with publishers as described above, then he should also be able
to do so here at FCC Coleman.

Inmate Powell accuses SIS Officer F. Darrow with issuing an Incident Report in
Bad Faith, and Abuse of the Prison Disciplinary System, Wrongfully Subjecting
him to disciplinary action and placing him in jeapordy by intentionally and
deliberately bringing a False and Damaging Charge & Malicious Prosecution against
him in an effort to oppress him from the enjoyment of his Constitutionally Pro-
tected Freedoms.

SIS Officer F. Darrow Fraudulently and Maliciously issued the Incident Report
to Inmate Powell strictly to clutter his disciplinary record with Bogus Charges
in an attempt to cause the DHO to forfeit his Good Conduct Time and extend the
time he must serve in prison.

The Incident Report is not legitimate. Inmate Powell has not committed any pro-
hibited act. Officer Darrow should receive a written reprimand for abusing the
prison disciplinary policy and a verbal warning not to retaliate against Inmate
Powell, nor encourage other staff members to retaliate against him over this
complaint he has filed against her.



BP-S288.052 INCIDENT REPORT CDFRM
May 1994
U.S. DEPARTMENT OF JUSTICE                                      FEDERAL BUREAU OF PRISONS

| 1. Name of Institution:  FCC Coleman - USP 2 |

### PART I - INCIDENT REPORT

| 2. Name of Inmate | 3. Register Number | 4. Date of Incident | 5. Time |
|---|---|---|---|
| Powell, Larry Gene | 27650-077 | 11-14-2006 | 2:34 PM |

| 6. Place of Incident | 7. Assignment | 8. Unit |
|---|---|---|
| SIS Office | AM RecYard | K-1 |

| 9. Incident: Unauthorized Use of the Mail | 10. Code: 410 |
|---|---|

11. Description of Incident  (Date: 11-14-2006  Time: 2:34 pm  Staff became aware of incident)
On Tuesday, November 14, 2006, at approximately 2:34 p.m., SIS staff was reading a letter sent to Inmate Powell, Larry #27650-077 from American Curves Customer Service stating that his order could not be mailed to correctional institutions unless it was prepaid. Inmate Powell is on restricted mail and is only authorized to send and receive mail from his mother, Margery Powell.

| 12. Signature of Reporting Employee | Date and Time 11-14-2006 2:42 pm | 13. Name and Title (printed) F. Darrow, SIS Technician |
|---|---|---|

| 14. Incident Report Delivered to above inmate by: | 15. Date Incident Report delivered 11/14/06 | 16. Time Incident Report Delivered 1520 |
|---|---|---|

### PART II - COMMITTEE ACTION

17. Comments of Inmate to Committee Regarding Above Incident
I was not aware I was on restrict from corresponding with my publisher.

18. A. It is the finding of the Committee that you:
_____ Committed the following prohibited act:

_____ Did not commit a prohibited act.

B. _____ The Committee is referring the charge(s) to the DHO for further hearing
C. _____ The Committee advised the inmate of its findings and of the right to file an appeal within 15 calendar days.

19. Committee Decision is based on the following information:
Based on repeated violation of Code 410 using the mail without authorization, this incident report is being referred to DHO for Disposition

20. Committee Action and/or recommendation if referred to DHO (contingent upon DHO finding inmate committed prohibited act)
Recommended: Loss PCT / DS / LP Commissary, Phone, Social Visit

21. Date and Time of Action 11-15-2006 3 20 pm (The UDC Chairman's signature next to his name certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

Chairman (typed name/signature) | Member (typed name) | Member (typed name)

Record Copy - Central File Record; Copy - DHO; Copy - Inmate after UDC Action; Copy - Inmate within 24 hours of Part I preparation

(This form may be replicated via WP)                          Replaces BP-288(52) of Jan. 88

| PART III - INVESTIGATION | 22. Date and Time Investigation Began |
|---|---|

23.      Inmate advised of right to remain silent: You are advised of your right to remain silent at all stages of the disciplinary process but

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: <u>Powell, Larry G.</u>     <u>27650-077</u>     <u>K1</u>     <u>USP Coleman</u>
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL**

Incident Report #1534635

In a Memorandum dated 01-12-05 from Tim Barnett - ISM Chief at USP Terre Haute it explains that publications are Exempt from the General Correspondence Restriction. By virtue of this Memorandum I am authorized to use the U.S. Mail to place orders with magazine publishers, newspapers, book clubs, book stores, etc., and to receive literature, brochures, catalogs, etc., as long as the publication is sent to me directly from the publishing source.

I did not commit any violation by placing an order for American Curves Magazine. I am asking that the Regional Director expunge this Incident Report.

---

<u>March 16, 2007</u>               _L. Powell_
      DATE                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**



RECEIVED
MAR 22 2007
Regional Counsel's Office - SERO
Bureau of Prisons

---

         DATE                            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE              CASE NUMBER: _____

**Part C - RECEIPT**

                                        CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

---

         DATE           PRINTED ON RECYCLED PAPER         SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                    BP-230(13)
                                                         JUNE 2002

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

CORRECTED APPEAL OF DHO HEARING ID #448828-R1

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Powell, Larry G. | 27650-077 | K1 | CLP USP2 |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**    This is a corrected filing of Appeal ID #448828-R1 for Incident Report Number **1534635.** I did not commit any violation by placing an order for **American Curves Magazine.** I am asking that the Regional Director Expunge this Incident Report.

In a Memorandum dated 01-12-05 from Tim Barnett - ISM Chief at USP Terre Haute, it explains that Publications are Exempt from the General Correspondence Restriction. By virtue of the 01-12-05 Memorandum I am authorized to use the U.S. Mail to place orders with magazine publishers, newspapers, book clubs, book stores, etc., and to receive same, including but not limited to, literature, brochures, catalogs, etc., as long as the publication is sent to me directly from the publishing source.  I have not committed any misconduct and the incident report should never have been written.  BOP Policy does not change just because I have been moved to another facility. I was authorized at USP Terre Haute to communicate and to receive publications as described above. SIS staff at USP2 Coleman are wrongfully preventing me from corresponding and receiving my publications and I have been wrongfully disciplined and sanctioned by the DHO in this matter. I feel that I am being oppressed and discriminated against and wrongfully denied enjoyment of my Constitutionally Protected Freedoms. My Liberty Interests are also at stake here because the DHO has wrongfully forfeited my Good Conduct Time in this instance. I ask that my GCT be restored. Expunction is appropriate in this matter pursuant to P.S. 5270.07, Chapter 7, Page 11, as it was not in conformity with the purpose and provisions of disciplinary policy.

**Exhibits are attached to support my defense.**     SIGNATURE OF REQUESTER    04/26/07

**Part B - RESPONSE**



_____  REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE     CASE NUMBER: _____

**Part C - RECEIPT**     CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT:_____

DATE:_____     SIGNATURE, RECIPIENT OF REGIONAL APPEAL     BP-230(13)

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| ISM - Records | 11-18-06 |
| FROM: ~~Larry Powell~~ | REGISTER NO.: ~~27650-017~~ |
| WORK ASSIGNMENT: Am Rec Yard | UNIT: ~~K~~ |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

On 01-12-05 Tim Barnett ISM Chief at USP Terre Haute
issued a Memorandum in response to my Inmate Request
To Staff, which in specific detail explained that I am
Authorized to Correspond & order Magazines, books, News-
papers, Catalogs, brochures, etc. from publishers Book
Stores, book Clubs, etc. and clarified that Correspond-
ence for this purpose is Exempt from the General Cor-
respondence Restriction. The 01-12-05 Memorandum should
be maintained in your records Could you please provide
me with a xerox copy of this Memorandum so I can
show it to SIS and to the DHO?
Your assistance is appreciated, Thank you.  R. Powell

(Do not write below this line)

DISPOSITION: This information is not kept in your J&C
file. Please see your unit team.

| Signature Staff Member | Date 11/22/06 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)                   This form replaces BP-148.070 dated Oct 86
                                                       and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) | DATE: |
| *Mr. Grafton - Case Manager* | *11-28-06* |
| FROM: | REGISTER NO.: |
| *Larry Powell* | *27650-077* |
| WORK ASSIGNMENT: | UNIT: |
| *Am Rec Yard* | *K1* |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

*I am referring the attached "Inmate Request Form" to you,
Could you please review my Central File and see if you
can find a Memorandum dated 01-12-05 written by
Tim Barnett ISM Chief at USP Terre Haute? - his memor-
andum was in response to my Inmate Request to Staff
while I was at that facility.*

*I need to obtain a copy, or actually several copies
of this 01-12-05 ISM Memorandum in order for me to
resolve this Mail Restriction Matter with SIS and the OHO.
Thank you for your help and I hope you can locate it.*
*L. Powell*

---

(Do not write below this line)

DISPOSITION:

*Notify = 
Central file
for the above
person !*

---

| Signature Staff Member | Date |
| | *11-29-06* |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

*Inmate Copy*

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

| INSTITUTION | FCC, COLEMAN-USP-2 | INCIDENT REPORT NUMBER | | 1534635 |
|---|---|---|---|---|
| INMATE NAME | Powell, Larry | REG NO | 27650-077 | UNIT | K - 1 |
| DATE OF INCIDENT | 11-14-2006 | DATE OF INCIDENT REPORT | | 11-14-2006 |
| OFFENSE CODE(S) | 410 | | | |
| SUMMARY OF CHARGES | Unauthorized use of mail | | | |

## I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on

(date)    11-14-2006    at (time)    1500 hours    (by staff member)    Lt. Powell

B. The DHO Hearing was held on (date)    12-29-2006    at (time)    1000 hours

C. The inmate was advised of his/her rights before the DHO by (staff member):

M. W. Gunter    on (date)    11-15-2006    and a copy

of the advisement of rights form is attached.

## II. STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | | Yes: | X | No: | |
|---|---|---|---|---|---|
| B. Inmate requested staff representative and | N/A | | | did not appear | |

c. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result

that:    N/A

| D. Staff representative | N/A | | was appointed. |
|---|---|---|---|

## III. PRESENTATION OF EVIDENCE

| A. Inmate admits | | | X | denies the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

Inmate denied the charge by stating, " I was not aware I could not send out inquires.  Somewhere there is a memorandum allowing me to receive magazines."

C. Witness(es):    *I did not say this ↑    "I told the DHO that I am authorized to place orders for magazines, books and newspapers.*

The DHO obtained a written statement from Officer Ranew.  He stated he did not recall this incident.

The DHO called: Mr. Grafton and asked if he knew of any staff member with this name or recall speaking with anyone concerning your mail restrictions. Mr. Grafton stated he did not speak with anyone regarding your mail restrictions and did not no any staff member with the name Renew.

| 1. The inmate requested witness(es). | | Yes | XX | No: | |
|---|---|---|---|---|---|

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

Officer Ranew, unable to identify this staff member.

3. The following persons requested were not called for the reason(s) given.

N/A

| 4. Unavailable witnesses were requested to submit written statements and those statements received | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the incident Report and Investigation, the DHO considered the following documents:

Mail (Letter)

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate.  The confidential information was documented in a separate report.  The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

| IV. FINDINGS OF THE DHO | | |
|---|---|---|
| X | A. The act was committed as charged. | |
| | B. The following act was committed: | |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. | |
| V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.) | | |

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

Your due process rights were reviewed with you by the Discipline Hearing Officer at the time of the hearing. You stated that you understood your rights, requested one witness, had no documentary evidence to present and waived your requested staff representative. You indicated to the Discipline Hearing Officer you were ready to proceed with the hearing.

The Discipline Hearing Officer found your behavior violated Prohibited Act Code: 410, Unauthorized Use of Mail, by placing the greater weight of evidence on the reporting officer's observations, a copy of the correspondence in question, the inmates' own statement to the DHO and other facts in the written report. Specifically, on 11-14-2006, the reporting officer received incoming correspondence from a company named: American Curves, addressed to inmate Powell, Larry # 27650-077. The correspondence was dated 11/06/06, and a reply to an inquiry made by inmate Powell made n regards to ordering their magazine. The reporting officer verified inmate Powell was on mail restriction and only authorized correspondence with his mother, Margery Powell.

The Discipline Hearing Officer reviewed the statement from your requested witness. The witness stated he has no knowledge or recall of this incident.

The Discipline Hearing Officer reviewed the letter and verified the envelope and letter were in fact addressed to you, and confirmed the letter was written as a reply to your written inquiry. The DHO asked inmate Powell if he wrote to American Curves, requesting information about their magazine. Inmate Powell responded, "Yes, I wasn't aware I was on mail restriction."

To further support the DHO's decision, she reviewed your Chronological History and found you were sanctioned on 05/03/06, and again on 12-18-2006, to a restriction of your mail privileges. The DHO noted you have an ongoing history of abusing your mail privileges The DHO noted that you stated there was a memorandum from somewhere which authorized you to receive magazines. Staff was unable to locate any such document when reviewing your Central file. The DHO reviewed policy pertaining to correspondence restriction and informed the inmate only legal correspondence is permitted, but other type correspondence would have to have prior approval and she found no such approval was given.

The DHO discounted your defense, as you offered no evidence to support you claims and she believes your defense is only an attempt to divert attention from your continuous feverous abuse of inmate mail privileges. Furthermore, your claim you are unaware of any mail restrictions imposed. The DHO found inconsistencies in your statement and your defense, as earlier you claimed there was a memorandum written by an unknown staff member from another facility who gave you authorization to use the inmate mail system. The DHO concluded, if there was such a memorandum in existence, then you would have been fully aware of the policies and sanction which caused the need for such a memorandum.

In reference the alleged memorandum which authorizes you to send correspondence and receive magazines, no such memorandum could be located. In fact, when you were asked who wrote the memorandum, you were unable to provide the staff members name and institution of origin.

The DHO reviewed Program Statement 5265.11, Page 14, d. "When an inmate is placed on restricted general correspondence, the inmate may, except as provided in §§540.16 and 540.17:] 28 CFR 540.16 and 540.17 refer to Sections 13 and 14, respectively, of this Program Statement"

[(1) Correspond with the inmate's spouse, mother, father, children, and siblings, *unless the correspondent is involved in a violation of correspondence regulations*, or would be a threat to the security or good order of the institution;]

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

[(2)  Request other persons also to be placed on the approved correspondence list, **_subject to investigation, evaluation, and approval by the Warden;_**   [e.  The Warden may allow an inmate additional correspondence with persons other than those on the inmate's approved mailing list when the correspondence is shown to be necessary and does not require an addition to the mailing list because it is not of an ongoing nature.]

The DHO found you were unable to provide evidence the granted you approval to correspond with any person other than your mother.

Therefore, the DHO placed the greater weight of evidence on the reporting officer's observations, a copy of the letter written in response to your written inquiry, your admission you wrote the letter and the fact you offered no evidence to support you had obtained prior approval to correspond with any persons other than your mother.  The DHO found due to your ongoing abuse and continued misconduct regarding violations of your restricted mail privileges,  increased sanctions are necessary to enforce compliance with the Bureaus Prohibited Acts.  The DHO found your behavior violated Prohibited Act Code: 410, and sanctioned you accordingly.

## VI. SANCTION OR ACTION TAKEN

30 Days loss of Telephone
7 Days Disallow GCT

## VII. REASON FOR SANCTION OR ACTION TAKEN

The action/behavior on the part of any inmate on mail restriction who uses the mail without prior authorization from the Warden, is in clear violation of the Bureaus Prohibited Acts and displays no regard for the rules and regulations in place.  This behavior will not be tolerated and the increased sanctions imposed in section VI of this report are to serve as a deterrent from future misconduct and establish the enhanced consequence should the inmate not correct his behavior.

## VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action.  The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

|  | Yes | X | No |  |  |
|---|---|---|---|---|---|

## IX. DISCIPLINE HEARING OFFICER

| Printed Name | Signature | Date |
|---|---|---|
| A. Ortiz-Warga, DHO USP-2 |  | 02-26-07 |
| **DELIVERED TO INMATE** | **DATE** 03-09-07 | **TIME** 09a |

Inmate received a copy of this report on:_____  Inmate's signature
acknowledging receipt:_____

REPORT COMPLETED OUTSIDE RECOMMENDED TIME FRAMES DUE TO
DHO'S HEAVY WORK LOAD DEMANDS.

Exhibit

C

Incident Report

# 1540305

COC 1330.13.G
April 20, 2004
Attachment A

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE: Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

INSTRUCTIONS: Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

_Powell, Larry_     _27650-077_     _K-1_     _G. Powell_
Inmate Name        Register No.    Qtrs./Unit    Inmate Signature

1.  Specific complaint (one 8 ½" x 11" continuation page may be attached):
    SIS Officer F. Darrow has issued a second incident report against inmate Powell in Bad Faith, and has Abused the Prison Disciplinary Policy in doing so. Inmate Powell is a victim of her misuse of power and insidious discrimination. Officer Darrow is disturbing inmate Powell, the Lieutenant's Office, the K1 Team Members and the Disciplinary Hearing Officer.

2.  What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?
    The Associate Warden (Martin), is aware of the situation and is looking into the problem.

3.  What action does the inmate wish to be taken to correct the issue?
    Inmate Powell wants both Incident Reports Expunged from his Disciplinary Record effective immediately. With assurances that no further incident reports of this kind will be issued against him. Inmate Powell has not committed any misconduct. He has been wrongfully targeted by Officer Darrow. This needs to stop now.

Correctional Counselor's Comments (including actual steps taken to resolve):
Inmate Powell was advised that the DHo must determine if the I/R is valid or Not. The BP-8 is Not the appropriate method for requesting an incident report to be expunged that has been referred to the DHO for disposition.

_[signature]_     _12/11/06_
Correctional Counselor      Date

_[signature]_     _12-11-06_
Unit Manager      Date

Staff Circle One:

Informally Resolved    (Not Informally Resolved)

08 0379

**FILED**

FEB 29 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Distribution by Correctional Counselor:

1. If complaint is informally resolved, maintain original on file in the Unit.

2. If complaint is not informally resolved, attach original to BP-9 Form and forward to Admin Remedy Clerk for processing.

|  | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 12/7/06 | 12/11/06 |  |  |  |
| Time: | 1130 | 9³⁰ |  |  |  |
| Counselor: | _[signature]_ | _[signature]_ |  |  |  |

INFORMAL RESOLUTION ATTEMPT
Continuation Page

This request for informal resolution pertains to Misconduct, Impropriety, or Abuse by a Staff Member.

On 11-30-06 inmate Larry Powell, Reg. #27650-077, was called to the Lieutenant's Office and was served an Incident Report for a Code 410 violation - Unauthorized Use of Mail. The Incident Report was written on 11-30-06 by SIS Technician F. Darrow, alleging that the incident occurred on 09-22-06 while inmate Powell was at USP Victorville.
The Incident Report was delivered to inmate Powell by Lt. Noble.
See xerox copy attached - Exhibit - A.

Officer Darrow claims that inmate Powell committed the offense of Code 410 - Unauthorized Use of Mail because on 09-22-06 while at USP Victorville he mailed a letter to the City Secretary's Office at the City of Terrell, Texas requesting a copy of a new ordinance and clarification on Texas Election Laws. The City of Terrell responded and the correspondence from the City was unlawfully seized by SIS Officer F. Darrow on 11-30-06 and remains in her possession.

Inmate Powell has not committed any offense. He is authorized to correspond with public officials, including the President and Vice President, federal agents, & state officers, local officials, Representatives of the News Media, etc. The restricted mail status does not apply to correspondences of this type.
Officer Darrow seems to have a problem understanding this fact and continues to harass inmate Powell.
The USP Victorville facility did not have any problem with inmate Powell mailing his correspondence to public officials and it is unclear as to why Off. Darrow seems to have a problem with it.

Inmate Powell accuses SIS Off. F. Darrow with issuing a second Incident Report against him in Bad Faith, and in doing so she has Abused the Prison Disciplinary System. Wrongfully subjecting him to disciplinary action and placing him in jeopardy by intentionally and deliberately bringing a False & Damaging Charge, and Malicious Prosecution against him in an effort to oppress him from the enjoyment of his constitutionally protected freedoms.

SIS Off. F. Darrow Fraudulently and Maliciously issued the Bogus Incident Report against inmate Powell strictly to clutter his disciplinary record with charges she knows are bogus, in an attempt to cause the DHO to forfeit his Good Conduct Time and extend the time he must serve in prison.

The Incident Report is not legitimate. Inmate Powell has not committed any prohibited act. Off. Darrow should receive a written reprimand for abusing the prison disciplinary policy, and a written reprimand for retaliating against inmate Powell because he previously brought a grievance against her. Officer Darrow should also be required to have additional training in BOP disciplinary policy before issuing anymore Incident Reports. Incident Reports for matters not involving misconduct are totally unnecessary and are only a nuisance for everyone involved. She is disturbing inmate Powell, the Lieutenant's Office, the Unit K1 Team Members and the Disciplinary Hearing Officer. Incident Reports should only be issued when misconduct has occurred. The disciplinary process should not be improperly used to attack an inmate who has committed no offense. This matter is now being referred to the Office of Internal Affairs for investigation.

dated: 12/07/06

_Larry Powell_    27650-077

RECEIVED

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 29, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTHEAST REGIONAL OFFICE

TO  : LARRY GENE POWELL, 27650-077
      COLEMAN II USP    UNT: K-1    QTR: K01-109L
      P.O. BOX 1024
      COLEMAN,  FL 33521


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 438056-R1       REGIONAL APPEAL
DATE RECEIVED  : DECEMBER 29, 2006
SUBJECT 1      : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**
SENSITIVE BP-9

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Powell, Larry G. | 27650-077 | K1 | CLP USP2 |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**     This is a Sensitive Issue filed to the Regional Director for review which pertains to Misconduct, Impropriety, or Abuse by a Staff Member.

This matter has been brought to the Warden's attention, however the problem remains unresolved. Inmate now provides copies of his complaint to the Regional Director and asks that the Office of Internal Affairs be brought in to investigate this matter.

| 12-14-06 | | |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                                    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

PRINTED ON RECYCLED PAPER

USP LVN

BP-229(13)
APRIL 1982

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Powell, Larry G. | 27650–077 | K1 | CLP USP2 |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**          SIS Officer Darrow has issued a second incident report against inmate Powell in Bad Faith, and has Abused the Prison Disciplinary Policy in doing so. Inmate Powell is a victim of her misuse of power and insidious discrimination. Officer Darrow is disturbing inmate Powell, the Lieutenant's Office, the Unit K1 Team Members, and the Disciplinary Hearing Officer.

The Associate Warden (Martin), is aware of the situation and is looking into the problem.

Inmate Powell wants both Incident Reports Expunged from his record. The Warden has the authority to expunge an incident report pursuant to P.S. 5270.07, Chapter 7, page 11, as the incident report violated the general principles of disciplinary policy. It was not in conformity with the provisions of disciplinary policy as it was issued with the intent to harass inmate Powell. There was no misconduct on inmate Powell's part.

It is not against BOP policy for inmate Powell to correspond with elected officials in his community, nor does such correspondence require prior approval.

| 12-14-06 | *P. Powell* |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                             CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP–229(13)

 

BP-S288.052 **INCIDENT REPORT** CDFRM
May 1994
**U.S. DEPARTMENT OF JUSTICE**                                   FEDERAL BUREAU OF PRISONS

| 1. Name of Institution: FCC Coleman - USP 2 |
|---|

| PART I - INCIDENT REPORT |
|---|

| 2. Name of Inmate<br><br>Powell, Larry Gene | 3. Register Number<br><br>27650-077 | 4. Date of Incident<br><br>09-22-2006 | 5. Time<br><br>Unknown |
|---|---|---|---|
| 6. Place of Incident<br><br>SIS Office | 7. Assignment<br><br>AM RecYard | 8. Unit<br><br>K-1 | |
| 9. Incident: Unauthorized Use of the Mail | | 10. Code: 410 | |

| 11. Description of Incident (Date: 11-30-2006 Time: 11:30 am Staff became aware of incident)<br>On Thursday, November 30, 2006, at approximately 11:30 am., SIS staff received incoming correspondence that was forwarded from USP Victorville sent to Inmate Powell, Larry #27650-077 from the City of Terrell, Texas. This correspondence stated that inmate Powell wrote to the City of Terrell, Texas, on September 22, 2006, inquiring of the eligibility requirements for the City Council. Inmate Powell is on restricted mail status and is only authorized to send and receive mail from his mother, Margery Powell. |
|---|

| 12. Signature of Reporting Employee<br>*F. Darrow* | Date and Time<br>11-30-2006 2:50 pm | 13. Name and Title (printed)<br>F. Darrow, SIS Technician |
|---|---|---|
| 14. Incident Report Delivered to above inmate by:<br>*Noble* | 15. Date Incident Report delivered<br>*11-30-06* | 16. Time Incident Report Delivered<br>*7:20 pm* |

| PART II - COMMITTEE ACTION |
|---|

| 17. Comments of Inmate to Committee Regarding Above Incident<br><br>*See Attachment.* |
|---|

| 18. A. It is the finding of the Committee that you:<br>_____ Committed the following prohibited act:<br><br>_____ Did not commit a prohibited act. | B. ✓ The Committee is referring the charge(s) to the DHO for further hearing<br><br>C. _____ The Committee advised the inmate of its findings and of the right to file an appeal within 15 calendar days. |
|---|---|

| 19. Committee Decision is based on the following information:<br>*Due to the seriousness of the Charge, the I/R is being referred to the DHO for higher Sanctions.* |
|---|

| 20. Committee Action and/or recommendation if referred to DHO (contingent upon DHO finding inmate committed prohibited act)<br>*Loss of Commissary, Phones for 90 days Loss of GCT.* |
|---|

| 21. Date and Time of Action *12/5/06 / 8:00* (The UDC Chairman's signature next to his name certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)<br><br>_____    *D. Grell Wy*    _____<br>Chairman (typed name/signature)     Member (typed name)     Member (typed name) |
|---|

Record Copy - Central File Record; Copy - DHO; Copy - Inmate after UDC Action; Copy - Inmate within 24 hours of Part I preparation

(This form may be replicated via WP)                          Replaces BP-288(52) of Jan. 88

| PART III - INVESTIGATION | 22. Date and Time Investigation Began |
|---|---|

*Prepared Statement*

SIS Officer Darrow is harassing me. I am not on the type of Mail Restriction that Off. Darrow keeps trying to enforce on me. I did not arrive at FCC Coleman until 10-17-06. I was not placed on restricted mail status, to the extent that I could not send or receive mail, except correspondence with my mother until 10-31-06. While at USP Victorville California my mail was monitored closely, but I was not prohibited from corresponding with public officials.

When I mailed the letter to the City of Terrell on 09-22-06 I was confined at USP Victorville California. There SIS Specialists reviewed and approved the letter to go out.

The communication I directed to the City of Terrell was addressed to City Secretary John Ronsaval, whom I know personally, as he is a former Terrell Police Officer. I had requested a copy of a new City Ordinance that I had read about in my local newspaper The Terrell Tribune. I wished to review the ordinance and familiarize myself with it, so I will be aware of the ordinance when I get released and return home.

I also expressed that I may wish to run for public office again upon my release and I asked him to research the law and tell me specifically how it reads, concerning whether a person who has a federal felony would be prohibited from holding public office in the State of Texas.

I did not specifically say that I wished to run for City Council, however he may have assumed so since I am a former candidate for Terrell City Council, District 5,

If I find out the law allows persons who have a "federal felony" to hold office I may consider running for Mayor or perhaps some county position, As of yet I have not decided In the state of Texas a felons' right to vote is automatically restored upon release from prison. It would stand to reason that if a felon can vote, then he should also be able to seek election to public office I have not done anything wrong in asking for a copy of a new law or asking for clari-fication on a law, I am allowed to do that.

This Incident Report should be Expunged because there is no violation or misconduct on my part.

I also ask that the letter from the City of Terrell be delivered to me without any further delay.

L. Powell     - Larry Powell
Reg # 27650-077
K1

dated: 12-01-06



**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

| INSTITUTION | FCC, COLEMAN-USP-2 | INCIDENT REPORT NUMBER | | 1540305 |
|---|---|---|---|---|
| INMATE NAME | Powell, Larry | REG NO | 27650-077 | UNIT | K-1 |

| DATE OF INCIDENT | 09/22/2006 | DATE OF INCIDENT REPORT | 11/30/2006 |
|---|---|---|---|

| OFFENSE CODE(S) | 410 |
|---|---|

| SUMMARY OF CHARGES | Unauthorized Use of the Mail |
|---|---|

## I.  NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date)    11/30/2006        at        1920 hours        (by staff        Lt. R. Noble

B. The DHO Hearing was held on (date)        12/18/2006            at (time)        0930 hours

C. The inmate was advised of his/her rights before the DHO by (staff member):

D.J. Kent                    on (date)            12/05/2006            and a copy

of the advisement of rights form is attached.

## II.  STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | | Yes: | | No: | XX |
|---|---|---|---|---|---|

B. Inmate requested staff representative and            N/A                    did not

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:    N/A

| D. Staff representative | Counselor McDonald | was appointed. |
|---|---|---|

## III.  PRESENTATION OF EVIDENCE

| A. Inmate admits | | denies | X | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

**The inmate denied the charge by stating "I am allowed to write city officials."**

C. Witness(es):

| 1. The inmate requested witness(es). | | Yes | | No: | X |
|---|---|---|---|---|---|

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

N/A

3. The following persons requested were not called for the reason(s) given.

N/A

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

**Inmate written statement**
**Letter addressed to Inmate Powell from City of Terrell**

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

---

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

**IV. FINDINGS OF THE DHO**

| X | A. The act was committed as charged. | |
|---|---|---|
|   | B. The following act was committed: | |
|   | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. | |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

Your due process rights were reviewed with you by the Discipline Hearing Officer at the time of the hearing. You stated that you understood your rights, requested no witness, had no documentary evidence to present and requested the services of a staff representative to assist you in preparation of your defense. You indicated to the Discipline Hearing Officer you were ready to proceed with the hearing.

Counselor McDonald stated that you denied the charge and stated there was a memorandum from a previous institution which authorized you write correspondence. He stated he was unable to locate any such document when reviewing your Central file. He also checked the policy pertaining to correspondence and stated legal correspondence is permitted, but any other type of correspondence would have to have prior approval and he found no such approval was given.

The Discipline Hearing Officer found your behavior violated Prohibited Act Code: 410, Unauthorized Use of Mail, by placing the greater weight of evidence on a copy of the correspondence in question, the date on the correspondence, the inmate's admission he wrote to the City of Terrell on September 22, 2006, and other information found in the written report. Specifically, on November 30, 2006, the reporting officer received incoming correspondence forwarded from USP Victorville, addressed to inmate Powell, Larry # 27650-077. The correspondence was from City of Terrell, Texas, dated 10/26/06. The letter was a reply to an inquiry made by inmate Powelll on September 22, 2006, in regards to eligibility requirements for City Council. The reporting officer concluded that inmate Powell was on mail restriction and only authorized corresponding with his mother, Margery Powell.

The Discipline Hearing Officer reviewed the letter and verified the envelope and letter were in fact addressed to you, and confirmed the letter was written as a reply to a previous inquiry you made. The DHO asked inmate Powell if he wrote the City of Terrell on September 22, 2006, and noted he replied, "Yes."

The Discipline Hearing Officer considered your defense, specifically where you claim that you were unaware that you were not permitted to write to City officials. You further alleged the reporting officer was harassing you, and claimed you were not on the type of mail restriction the reporting officer is trying to enforce. The DHO discounted your defense as your Chronological History clearly supports you were sanctioned on 05/03/06, to a restriction of your mail privileges. The DHO noted you have an ongoing history of abusing your mail privileges since August of 1998, and had ample time to familiarize yourself with the limitations of the restriction. Claiming you are unaware of the limitations is not an acceptable defense, as you have the responsibility to fully understand the limitations and should have inquired if you were unclear. The DHO found you offered no evidence to show you made any such inquires.

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

Program Statement 5265.11, Page 14, directs: d. When an inmate is placed on restricted general correspondence, the inmate may, except as provided in §§540.16 and 540.17:] 28 CFR 540.16 and 540.17 refer to Sections 13 and 14, respectively, of this Program Statement:

[(1) Correspond with the inmate's spouse, mother, father, children, and siblings, unless the correspondent is involved in a violation of correspondence regulations, or would be a threat to the security or good order of the institution;]

The word "spouse" includes a common-law relationship which has previously been established in a state which recognizes this status. In states that do not, common-law relationship is not considered "immediate family." For determination of applicable state laws, the Regional Counsel is to be consulted.

[(2) Request other persons also to be placed on the approved correspondence list, **subject to investigation, evaluation, and approval by the Warden;** [e. The Warden may allow an inmate additional correspondence with persons other than those on the inmate's approved mailing list when the correspondence is shown to be necessary and does not require an addition to the mailing list because it is not of an ongoing nature.]

The DHO found you offered no evidence of prior approval to correspond with any persons other than your mother.

Therefore, the DHO placed the greater weight of evidence on the reporting officer's observations, a copy of the letter written in response to your written inquiry, your admission you wrote the letter and the fact you offered no evidence to show you had prior approval to correspond with any persons other than your mother. The DHO found due to your ongoing abuse and continued misconduct regarding mail privileges increased sanctions were necessary to enforce compliance with the Bureaus Prohibited Acts. The DHO found your behavior violated Prohibited Act Codes: 410, and sanctioned you accordingly.

### VI. SANCTION OR ACTION TAKEN

| | |
|---|---|
| 27 days loss of good conduct time<br>120 days loss of commissary privileges<br>120 days impound inmates, personal property | DHO issued a verbal warning concerning the consequences of continuing this type of misconduct. |

### VII. REASON FOR SANCTION OR ACTION TAKEN

The action/behavior on the part of any inmate on mail restriction who uses the mail without prior authorization from the Warden, is in clear violation of the Bureaus Prohibited Acts and displays no regard for the rules and regulations in place for the orderly running of the facility. This behavior will not be tolerated and the sanctions imposed in section VI of this report are to serve as punishment and a deterrent from future misconduct.

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

| VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate. | | Yes | X | No | | |
|---|---|---|---|---|---|---|

| IX. DISCIPLINE HEARING OFFICER | | | |
|---|---|---|---|
| Printed Name | Signature | | Date |
| A. Ortiz-Warga, DHO USP-2 | | | 01/18/07 |
| DELIVERED TO INMATE | DATE | TIME | |

Inmate received a copy of this report on: _____01-18-07_____ By:
                                              Date/Fecha

Inmate's signature acknowledging receipt: _____R. Powell_____.
                                              Sign/Firma

**REPORT COMPLETED OUTSIDE RECOMMENDED TIME FRAMES DUE TO
DHO'S HEAVY WORK LOAD DEMANDS.**

Page 4 of 4

REJECTION NOTICE - ADMINISTRATIVE REMEDY

RECEIVED
JAN 5 2007
WARDEN'S OFFICE

DATE: DECEMBER 22, 2006


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTHEAST REGIONAL OFFICE

TO  : LARRY GENE POWELL, 27650-077
      COLEMAN II USP    UNT: K-1    QTR: K01-109L
      P.O. BOX 1024
      COLEMAN,  FL 33521


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 437641-R1       REGIONAL APPEAL
DATE RECEIVED   : DECEMBER 21, 2006
SUBJECT 1       : OTHER DHO RELATED MATTERS
SUBJECT 2       :
INCIDENT RPT NO : 1540305

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REMARKS         : SUBMIT DHO APPEALS WITH DHO REPORT TO REGIONAL
                  OFFICE.

. U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

SENSITIVE BP-10

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Powell, Larry G.**  `27650-077`  `K1`  `CLP USP2`

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** This is a sensitive complaint filed to the Regional Director regarding Misconduct, Impropriety or Abuse by an employee of the Southeast Regional Office. Inmate brings this as a sensitive complaint to the Regional Director because the employee is not employed by the FCC Coleman facility. This is also filed as sensitive to avoid any adverse affects or possible hostilities from this employee upon her return to the FCC Coleman facility.   On this date, Monday 12-18-06 at approximately 9:45 AM this inmate was retaliated against and verbally assaulted by **Ms. Warga - the Disciplinary Hearing Officer (DHO)** over his legitimate use of the U.S. Mail and because he has filed civil court actions against staff at other BOP facilities. Warga refused to properly identify herself. She would not spell her name or verify if the address for the Southeast Regional Office is the correct address for her to receive service of process. Inmate is filing criminal charges against Warga, and will also file a lawsuit for damages against her.   DHO Warga wrongfully forfeited inmates Good Conduct Time (GCT) by 27 days, and sanctioned his commissary privileges and impounded his personal property for 120 days, and instructed inmate not to use legal mail to communicate with the courts or public officials any further under threat of further disciplinary action.   This all came about because inmate on 09-22-06 while he was at USP Victorville he mailed a letter to the City Attorney's Office at the City of Terrell, Texas requesting a copy of a new city ordinance and clarification on Texas Election Laws. The City of Terrell responded and their communication to the inmate was unlawfully seized by SIS at FCC Coleman on 11-30-06. The letter from the City of Terrell is now within the DHO packet. There was nothing inappropriate about the letter. SIS staff at the USP Victorville facility reviewed the letter and approved it to go out. When the response was received at the FCC Coleman facility their SIS department issued an Incident Report for Code 410 Unauthorized Use of Mail.

DATE          (continued next page)                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

---

DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

---

DATE                                   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

PRINTED ON RECYCLED PAPER

USP LVN

BP-230(13)
JUNE 2002

The FCC Coleman SIS department is misinterpreting the mail restriction that inmate has. The inmate has not committed any offense. He is authorized to correspond with public officials including the President and Vice President of the United States, federal agencies and agents, state officials, local officials, police officers, sheriff's department, etc., and representatives of the news media. The Restricted Mail Status does not apply to mail of this type. It is only a General Correspondence Restriction which only applies to personal letters to individuals, not legal mail or special mail. The inmate is not on Special Mail Restriction, therefore he does not need any prior approval to send a letter to the City Attorney's Office.

1. DHO Warga has acted outside of her scope of authority and outside of BOP Policy therefore her actions were not done in the performance of her duties which constitutes a fundamental miscarriage of justice. She is not immune to prosecution under civil rights laws, and acting outside of her authority she is not entitled to claim qualified immunity.

2. The DHO proceeding was not in conformity with the provisions of disciplinary policy as it was intended to harass, intimidate and threaten inmate Powell. There was no misconduct on inmate Powell's part.

3. When inmate tried to present documentary evidence in his defense DHO Warga refused to allow him to submit copies of his evidence and attacked him verbally making reference to his lawsuit and three civil action that he currently has pending in federal courts across the country.

4. DHO Warga wrongfully instructed the inmate not to communicate with the courts or attempt to communicate with public officials and she threatened to set him up with contraband and convict him of a 100 series charge if he did not follow her orders, and continued her threats to forfeit more GCT and subjecting him to disciplinary segregation in the SHU if he continued with his legal work.

5. Inmate risks further retaliation from Warga if she finds out that he has sent this complaint to the Regional Director.

6. DHO Warga made threats against the inmates' family and threatened to stop his communications with his mother.

7. DHO Warga abused the inmate and caused damage to his Rights when she threatened the inmate and made false statements and accusations concerning him.

8. DHO Warga misrepresented BOP Policy at the hearing.

9. DHO Warga tried to strong arm, oppress, blackmail and intimidate the inmate and made repeated comments such as (she's already got the scoop on you) and that she had been working with Victorville to get information on this inmate. She further stated that she had been in contact with staff at USP Victorville concerning him and his court cases, and she told the inmate that she will not put up with him filing any legal work at FCC Coleman like he did at USP Victorville.

10. DHO Warga by her unlawful and unprofessional actions and abuse of the disciplinary policy has caused further damage to the inmates' liberty interests by wrongful forfeiture of 27 days good conduct time and affecting the length of time that inmate must remain in prison.

11. DHO Warga convicted the inmate of asserting his rights to bring civil actions in federal court. It is inmate Powell's constitutional rights to use the courts to petition the government for redress of his grievances. The DHO has no right to stop him or to interfere with his cases or ability to obtain documentary evidence, or to communicate with public or elected officials within his community.

12. DHO Warga has told staff at USP Victorville to destroy all of his personal property items and legal work still at that facility, and to shred any mail received for him at that facility.

13. The sanctions imposed by DHO Warga are excessive and clearly arbitrary, capricious and retalitory, and should be expunged pursuant to P.S. 5270.07, Chapter 7, page 11.

14. DHO Warga has caused inmate Powell much emotional grief and loss of privileges, and her wrongful actions continue to cause unnecessary harm to him as well to his family members.

Criminal conduct by a government employee should not be tolerated. The inmate is pressing charges and requests that the Regional Director bring disciplinary action against DHO Warga. She should receive a written reprimand for abusing the prison disciplinary policy and barred from setting on any future hearings involving inmate Powell. Please refer this complaint to the Office of Internal Affairs for investigation. Staff at the USP Victorville facility are already under investigation, so it appears that DHO Warga may be connected to other criminal conduct at the Victorville facility, this is assumed because she told the inmate that she had been working with Victorville and supplied them with information, etc. etc., therefore by her own admission she has a connection with staff at that facility.

12-18-06
date

Larry Powell   27650-077

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Carlyle I. Holder - Warden | 12-23-06 |
| FROM: | REGISTER NO.: |
| Larry Powell | 27650-077 |
| WORK ASSIGNMENT: | UNIT: |
| AM Rec Yard | K1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

On 12-18-06 at approximately 9:45 AM in the Conference
room of the Lieutenants Office I was retaliated against,
threatened and verbally attacked by Ms. Warga - the
Disciplinary Hearing Officer during my DHO Hearing.
DHO Warga was very angry, rude and vendictive Her
decision to convict me was clearly arbitrary, capri-
cious and retaliatory The sanctions imposed were
excessive and improper DHO Warga also threatened
to alter the Incident Report and turn it into a
100 Series Charge so as to impose even harsher
sanctions on me.  I feel that she has acted

(Do not write below this line) Continued next page.

DISPOSITION:



| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Page 1

outside of the scope of her authority and made
false accusations about me and made repeated
comments that she had been in contact with
USP Victorville staff about me but would not
identify the person or persons she had spoken
to at that facility. She also refused to spell
her last name for me and would not tell me
if the prison's address is her address or if
her address was in Atlanta GA at the Regional
Director's office

I am a former candidate for City Council, District 5
in Terrell Texas. I also have previously ran for
Justice of the Peace and County Sheriff. I am well
respected in my community. The City Secretary sent
me copies of a new City Ordinance that I had
requested when I was at USP Victorville. I was
allowed to write to public officials in my
community when I was at USP Victorville.
I have not committed any misconduct by request-
ing to receive copies of a new City Ordinance.
My communication with City Hall did not violate
any law nor was it any threat to the Victorville
or Coleman facilities, nor was it a threat to
anyone or any place else. BOP Policy and the
Code of Federal Regulations encourage inmates to
write to public officials. It is my fundamental
right to do so under the 1st Amendment.
I don't know what DHO Warges problem is and

page 2

I don't know what SIS Frankie Darrow's problem
is, but the two have conspired to harm my
rights by wrongfully using the prison's disci-
plinary system to attack me. They have done
so with the intent of making my life more
difficult while I am incarcerated and have
affected my liberty interests by wrongfully
forfeiting my Good Conduct Time and extending the
time I must serve in prison in the advancement
of their personal agenda. DHO Warga instructed
Correctional Officer Rivera to go to my cell and
impound all of my personal property.
Warga acted inappropriately in having an officer
seize my personal property. She also acted
inappropriately by taking 27 days GCT for a
Code 410 charge and Restricting my Commissary
and Telephone. She left me with basically
nothing and has shut me down completely from
virtually any contact with the outside world.
As it currently stands I cannot even receive a
Newspaper or a Magazine. The only benefits
I still have are that I can go to the Chow
Hall and eat my meals and the prison provides
me with clothes to wear but thats all. I don't
have the same rights or privileges or enjoy-
ments as all the other inmates.
   It would be different if I were a disruptive
inmate, but I'm not. I am a law abiding
                    page 3

Citizen and I do my best to follow the
rules of this facility and the rules of the
BOP.

Thats why I have come to you. I want
to resolve this issue regarding my mail and
telephone. I would like these restrictions to
be rescinded. Never have I ever used the
mail or the telephone for any criminal pur-
pose and I would never do such a thing.

For what-ever reasons SIS has shut down
all of my communications their reasons are
baseless and unfounded. Someone has obviously
given them bad information about me, but I
can assure you that anything alleging that I
may do something illegal is totally untruthful.
It is not my nature to break the law.

The whole reason the Mail Restriction was put
on me was to stop me from communicating with
my wife Kathryn Crayne-Powell #31637-077.
My wife has now been out of prison for
2 years. I divorced her earlier this year
because she abandoned me. I would now like
to try to meet somebody new but if I can't
communicate with the outside world it will
be impossible for me to meet someone.

This is not fair, in fact it is cruel to
prevent me from communicating with someone
in the outside world in hopes that I might

page 4

meet Someone I could marry.

These restrictions on me are not necessary.
I have not committed any misconduct.

The Incident Report issued by SIS Frankie Darrow
is not legitimate. I am requesting that both
DHO Wargo and SIS Darrow receive a written
reprimand in their personnel files for Abusing
the Prison Disciplinary Policy.

Under P.S. 5270.07, Chapter 7, page 11, You
as Warden of this facility have the authority
to Expunge this entire matter and rescind all
sanctions because the entire disciplinary action
was not in conformity with the general prin-
ciples, nor in conformity with the provisions
of disciplinary policy as the Incident Report
and DHO Hearing were planned acts designed to
harm and harass me by violating my Civil Rights.

I trust that you will take appropriate action
in this matter and expunge these disciplinary
proceedings. If so, I will consider this pro-
blem resolved.

Thank you for your time and consideration in
this matter.

                        Best Regards,

U.S. Department of Justice

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Powell, Larry G. | 27650-077 | K1 | USP2 Coleman |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** This is to appeal the decision of the DHO Hearing Examiner dated 12-18-06. If remanded I request a new DHO Examiner due to the fact that DHO A. Ortiz-Warga's integrity and impartiality have been compromised. I have filed complaints against her for misconduct, abuse and threats. She has also been having personal communications with SIS Officer Frankie Darrow whom I have also filed complaints against. The two are conspiring to bring harm to me by improperly using the prison disciplinary system to attack me and bring harm to me. Their actions are malicious. It would be a conflict of interest for her to ever be my DHO Examiner again. I have previously asked the Regional Director to refer this matter to the Office of Internal Affairs for investigation. While at USP Victorville I notified OIA myself of corruption occurring at that facility. DHO Warga admitted to me that she has been working with Victorville and supplied them with information about me. I do not know what this information consisted of but there is no legitimate reason why she should be giving Victorville anything concerning me. I also have three civil actions pending in California against Warden Joe Norwood and Attorney General Alberto Gonzales in U.S. District Court in Los Angeles.    I have attached several exhibits as a whole. My affirmative defenses are. (1) That General Correspondence Restriction is not the same as Special Mail Restriction. (2) That I am not on Special Mail Restriction. I am allowed to correspond with public and elected officials. (3) The USP Victorville facility allowed me to correspond with public officials as well as state & federal agencies. (4) the letter I sent to the City of Terrell was mailed in September when I was confined at USP Victorville. It has nothing to do with ~~FCC Coleman.~~    (continued next page)

DATE    01-25-07

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

USP LVN

PRINTED ON RECYCLED PAPER

(5) I wrote requesting a copy of a new city ordinance. I am permitted to do that. There was no violation at all. (6) I did not write in regards to eligibility requirements for City Council as DHO Warga and SIS Darrow falsely claim. I am a former candidate for Terrell City Council, District 5. I already know what the eligibility requirements are. I would have no reason to ask about that. SIS Darrow is trying to grasp at straws to make a case when no case exists. (7) DHO Warga improperly affected my liberty interests by forfeiting 27 days of my Good Conduct Time. This is a violation of my Civil Rights and she is being deliberately indifferent towards me. (8) The charge was a Code 410 - it was inappropriate for her to forfeit GCT for a 400 series charge. As such the disciplinary action should be expunged for not being in conformity with BOP disciplinary policy. (9) The DHO seems to imply that I wrote to a person. I did not write to a person. I wrote to a government entity. (10) DHO Warga has misrepresented BOP policy.

I request that this entire matter be expunged and all sanctions be rescinded because the disciplinary action was not in conformity with the general principles, nor the provisions of disciplinary policy. The Incident Report and DHO Hearing were planned acts designed to harm and harass me by violating my Civil Rights and Liberty Interests. The DHO is without lawful authority to forfeit GCT for a 400 series charge, and the DHO has no authority to sanction an inmates use of the U.S. Mail absent a Court Order from a Magistrate of the United States. No such Court Order exists, nor am I a National Security case. I have not committed any crime using the U.S. Mail. DHO Warga has acted outside of her scope of authority. The authority to Expunge comes under P.S. 5270.07, Chapter 7, page 11. This can also be challenged as an Illegal Condition of my confinement.

01-25-07
date

Larry Powell

Regional Administrative Remedy Appeal No. 441514-R1
PART B - RESPONSE


This is in response to your Regional Administrative Remedy Appeal receipted
February 2, 2007.  You appeal the actions of the Discipline Hearing Officer (DHO) on
December 18, 2006, finding you committed the prohibited act of Unauthorized use of
Mail, Code 410.  As relief, you request the incident report be expunged.

Upon review of your case, we have decided to remand the case back to the institution
for a rehearing.  Upon completion of the rehearing, if you elect to appeal the disciplinary
action, you should file an appeal directly to this office.

This response is for your information only.  If dissatisfied with this response, you may
appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW,
Washington, DC  20534.  Your appeal must be received in the Office of General
Counsel within 30 calendar days of the date of this response.


_____2.27-07_____          _____
Date                                         Regional Director, SERO

Exhibit

D

Incident Report

# Unknown

Issued: 09/05/2007

08 0379

DHO Refuses to Provide
a DHO Report. Cannot Appeal
Without a DHO Report.

BP-S288.0(52) INCIDENT REPORT CDFRM
May 1994

**U.S. DEPARTMENT OF JUSTICE**                                     **FEDERAL BUREAU OF PRISONS**

| 1. Name of Institution:  FCC Coleman - USP 2 |
|---|

| PART I - INCIDENT REPORT |
|---|

| 2. Name of Inmate | 3. Register Number | 4. Date of Incident | 5. Time |
|---|---|---|---|
| Powell, Larry Gene | 27650-077 | 09-05-2007 | 10:00 AM |

| 6. Place of Incident | 7. Assignment | 8. Unit |
|---|---|---|
| SIS Office | AM RecYard | H-2 |

| 9. Incident: Unauthorized Use of the Mail | 10. Code: 410 |
|---|---|

**11. Description of Incident   (Date: 09-05-2007  Time: 10:00 am  Staff became aware of incident)**

On September 5, 2007, at approximately 10:00 am., SIS staff received outgoing correspondence sent from Inmate Powell, Larry #27650-077 to the Business Office addressed to Miller's Fantasies Photos requesting 73 photographs of women.  Also, on September 5, 2007, at 10:00 am, the SIS office received incoming mail from Suthern Cumforts address to inmate Powell stating on the back of the envelope that the "order on way".  This correspondence is not considered "special mail" and has not been approved through his Case Manager or the Case Management Coordinator.   Inmate Powell is on restricted mail status and is only authorized to send and receive mail from his mother, Margery Powell.  Inmate Powell has been counseled on the parameters of his mail restriction numerous times by his case manager and myself.

| 12. Signature of Reporting Employee | Date and Time | 13.  Name and Title (printed) |
|---|---|---|
| *F. Darrow* | 09-05-2007 10:20 pm | F. Darrow, SIS Technician |

| 14.  Incident Report Delivered to above inmate by: | 15. Date Incident Report delivered | 16. Time Incident Report Delivered |
|---|---|---|
| *LT* | 9-5-07 | 10:42 Am |

| PART II - COMMITTEE ACTION |
|---|

**17.  Comments of Inmate to Committee Regarding Above Incident**

**18. A.** It is the finding of the Committee that you:
_____ Committed the following prohibited act:

_____ Did not commit a prohibited act.

**B.** _____ The Committee is referring the charge(s) to the DHO for further hearing

**C.** _____ The Committee advised the inmate of its findings and of the  right to file an appeal within 15 calendar days.

**19. Committee Decision is based on the following information:**

**20. Committee Action and/or recommendation if referred to DHO (contingent upon DHO finding inmate committed prohibited act)**

30 0379

**21. Date and Time of Action** _____ (The UDC Chairman's signature next to his name certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

FILED

FEB 2 9 ...

_____        _____        _____
Chairman (typed name/signature)        Member (typed name)        Member (typed name)

Record Copy - Central File Record; Copy - DHO; Copy - Inmate after UDC Action; Copy - Inmate within 24 hours of staff preparation

(This form may be replicated via WP)                                     Replaces BP-288(52) of Jan. 88

*Kohrs*